UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2020 JUN 30 PM 2:52
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

MELINDA GONZALEZ

    Plaintiff,

v.

R.C. TOWING & RECOVERY, INC.,
a Florida Profit Corporation and
ALEJANDRO DIAZ, individually,
,

    Defendants.
_____/

CASE NO.: 8:20-cv-1489-T-60AEP

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MELINDA GONZALEZ by and through the undersigned attorney, sues the Defendants R.C. TOWING & RECOVERY, INC., a Florida Profit Corporation and ALEJANDRO DIAZ, individually, (collectively "Defendants") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. 216(b) (FLSA).

## NATURE OF CASE

1. Defendant, R.C. TOWING & RECOVERY, INC. (hereinafter "Defendant) is a vehicle towing and recovery business of repossessed cars and vehicles in accidents with offices in Hillsborough, Tampa Florida region.

2. Plaintiff was employed by Defendant's as a "lien holder" releasing impounded vehicles. Plaintiff was paid a salary. Defendant misclassified Plaintiff as "exempt" and was never paid for the overtime to which she was lawfully entitled.

3. Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendants.

Page -1-

4. Defendants violated the FLSA by failing to pay Plaintiff overtime wages based on her regular hourly rate for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

## PARTIES

5. Defendant R.C. TOWING & RECOVERY, INC., a Florida Profit Corporation and ALEJANDRO DIAZ, individually, operates and conducts business in, Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

## JURISDICTION & VENUE

6. This action is brought under Federal law to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

8. This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Hillsborough County, Florida.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendants at 4805 N. Hesperides, Tampa, Florida, 33614.

10. At all material times during the last three years, Defendants were an enterprise subject to the FLSA's provisions requiring overtime compensation.

11. At all material times, Plaintiff worked for Defendants as an "employee" of Defendants within the meaning of the FLSA.

12. At all material times, Defendants were an "employer" within the meaning of the FLSA and Defendants continue to be an "employer" within the meaning of the FLSA.

13. At all material times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. Defendants' employees handled goods such as cars, trucks, phones, software, paper, and office equipment which had traveled in interstate commerce.

15. At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00).

16. Defendants are a vehicle towing and recovery business of repossessed cars and vehicles in accidents with offices in Hillsborough, Tampa Florida.

17. Plaintiff's job duties included "lien holder" releasing impounded vehicles and occasional dispatcher.

18. By Plaintiff's estimates, she routinely worked 60 hours or more in a work week.

19. During her employment with Defendants, Plaintiff performed non-exempt job duties. Pursuant to the FLSA, Defendants were required to pay plaintiff overtime pay for those hours worked over 40 in a work week.

20. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

21. During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay including bonuses, for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

**FIRST CAUSE OF ACTION**
**RECOVERY OF OVERTIME COMPENSATION**

23.     Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-22 above.

24.     Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

25.     During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

26.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

27.     Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

28.     Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

29.     Defendants failed to post required FLSA informational listings as required by the FLSA.

30.     Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

31.     Defendants willfully violated the FLSA.

32.     Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 30th day of May, 2020.

/s/Brianna A. Jordan
**BRIANNA A. JORDAN**
Florida Bar Number: 1000982
**Morgan & Morgan, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Direct No. 813-393-5457
E-mail: bjordan@forthepeople.com
*Attorney for Plaintiff*