UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELINDA GONZALEZ

                Plaintiff,

  v.

                          CASE NO.:  8:20-CV-1489-TPB-AEP

R.C. TOWING & RECOVERY,
INC., a Florida Profit
Corporation and ALEJANDRO
DIAZ, individually,

     Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff, Melinda Gonzalez, R.C Towing and Recovery Inc., and Alejandro Diaz, ("Defendants") (the Parties), by and through their respective undersigned counsel, hereby submit the terms of the Parties' settlement of the above-captioned matter and respectfully request the Court approve the proposed settlement agreement, attached as **Exhibit A**, and dismiss this case with prejudice. The Parties reached the proposed settlement prior to trial. The Parties

submit the following memorandum of law in support of their motion.

## MEMORANDUM OF LAW

### I. BACKGROUND

Plaintiff was previously employed by R.C Towing and Recovery Inc., as a dispatcher.

Plaintiff's complaint alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay all alleged unpaid overtime compensation. Defendants vigorously deny any wrongdoing under the FLSA, and further deny that Plaintiff is entitled to any relief whatsoever. The parties agree that there is a bona fide, good faith dispute as to both liability and damages regarding Plaintiff's claims. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. The parties stipulate that they had a bona fide dispute and that they are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. All parties have been represented by counsel throughout the litigation. Additionally, Plaintiff's claims involve disputed issues.

Out of an abundance of caution, however, the Parties now submit this Motion for the Court's consideration and approval of the settlement reached by the parties.

### II. LEGAL FRAMEWORK

2

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise

> over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. At 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceeding and the amount of discovery completed;
(4) the probability of Plaintiffs success on the merits;
(5) the range of possible recovery; and
(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.,* 18 F.3d 1527 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

### III. ALL OF THE RELEVANT CRITERIA SUPPORT THE FAIRNESS OF THE SETTLMENT

As discussed above, Plaintiff acknowledges that the settlement amount represents full compensation for the FLSA claims for all alleged unpaid wages, plus an equal amount of liquidated damages and a reasonable

4

attorney's fee. Accordingly, the settlement is fair.

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against their former employer, which was adversarial in nature. Courts have found no fraud or collusion exists when both parties were represented by counsel and the amount paid to the Plaintiffs seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv- 383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. 2006). Here Plaintiff was independently represented by experienced counsel and the settlement was negotiated between counsels, in consultation with the Parties.

The probability of success on the merits, and the complexity, expense, and length of future litigation also weigh in favor of this settlement. This settlement, therefore, is a reasonable means for all parties to minimize future risks and litigation costs.

The Parties agree that they have been able to properly evaluate the claims and Plaintiff has at all times been represented by counsel. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Counsel for Plaintiff and for Defendants believes the settlement to be fair and reasonable, as Plaintiff was fully compensated and her attorney was

fully paid.

The Parties further advise the Court that a material term of the Parties' settlement involves the dismissal of this action with prejudice.

### IV. THE PROPOSED ATTORNEY'S FEES AND COSTS ARE REASONABLE

As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "Plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the Plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

Defendant's payment of $10,500.00 for Plaintiff's attorney's fees and costs provides for the resolution of all attorneys' fees and costs owed to counsel for Plaintiff.  In the instant action, Plaintiff's recovery was not adversely affected by the amount of fees paid to their attorney.  Rather, Plaintiff's claims have not been compromised despite Defendants defenses

to Plaintiff's claims. The amount of fees and costs to be paid to Plaintiff's counsel was negotiated independently of the amounts to be paid to Plaintiff and Plaintiff agreed that the amount of fees and costs to be paid to her attorney is both fair and reasonable. Based upon the foregoing, the payment to Plaintiff's Counsel for attorneys' fees and costs constitutes a fair and reasonable compromise of same.

## TERMS OF SETTLEMENT

The Parties hereby submit the terms of the settlement. As set forth in the attached Exhibit A, the Parties have agreed to settle this case as follows:

> In consideration for the mutual releases as set forth herein, Defendant will pay Plaintiff the gross amount of $14,500.00. Defendants will issue a W-2 to Plaintiff in the amount of $7,000.00 for back wages. Defendants will also issue a 1099 to Plaintiff in the amount of $7,000.00 for liquidated damages and $500.00 in consideration for the execution of a general release. Defendants will make a payment of $5,800.00 to the Plaintiff within ten (10) days of approval of the Settlement Agreement by the Court. Defendants shall pay the remaining consideration in six equal payments of $1,450.00, the first payment becoming due thirty days after the initial payment and each subsequent payment becoming due thirty days following the previous payment until the remaining five payments have been paid.

## CONCLUSION

The settlement terms are fair, reasonable and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

Respectfully submitted,

| ***Brianna A. Jordan, Esquire*** | **/s/** *Alex R Stavrou* |
|---|---|
| Brianna A. Jordan, Esq. | Alex R. Stavrou, Esq. |
| FBN: 1000982 | FBN: 018390 |
| E-Mail: bjordan@forthepeople.com | Alex R. Stavrou, P.A |
| Morgan & Morgan, P.A. | 300 South Hyde Park, Suite 180 |
| 201 N. Franklin Street, Suite 700 | Tampa, FL 33606 |
| Tampa, FL  33602 | Telephone: (813) 251-1289 |
| Telephone:  (813) 393-5457 | Facsimile:  (813) 489-2528 |
| Facsimile:   (813) 393-5481 | Email:  alex@alexstavrou.com |
| Counsel for Plaintiffs | *Counsel for Defendants* |
| *Via CM/ECF* | *Via CM/ECF* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will furnish a copy to counsel of record.

*/s/ **Brianna A. Jordan***
Attorney

8