UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELINDA GONZALEZ,

    Plaintiff,

vs.

Case No.: 8:20-CV-1489-TPB-AEP

R.C. TOWING & RECOVERY, INC., a
Florida Profit Corporation, and
ALEJANDRO DIAZ, individually,

    Defendants.

_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Plaintiff Melinda Gonzalez ("Plaintiff") and Defendants R.C. Towing & Recovery, Inc., and Alejandro Diaz ("Defendants"). Plaintiff and Defendants are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1. **No Admission of Liability.** This Agreement does not constitute an admission by Defendants of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendants. Defendants maintain that Plaintiff was not owed any wages.

2. **Claims.** Plaintiff filed a Complaint in the United States District Court for the Middle District of Florida, Tampa Division, titled, *Melinda Gonzalez v. R.C. Towing & Recovery, Inc. and Alejandro Diaz Case No.8:20-cv-1489-TPB-AEP*, alleging Defendants violated the Fair Labor Standards Act ("FLSA"). The Parties desire to fully and finally resolve this litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Plaintiff against Defendants relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Plaintiff represents that no other charges, actions or claims are pending on Plaintiff's behalf against Defendants, other than those set forth in this paragraph.

3. **Consideration.** The Parties, in consideration of the mutual promises, covenants and agreements set forth below, the adequacy and sufficiency of which are specifically acknowledged, agree as follows:

Settlement Payment: In consideration for the mutual releases as set forth herein, Defendants will pay Plaintiff the gross amount of $14,500.00. Defendants' will issue a W-2 to

EXHIBIT "A"

Plaintiff in the amount of $7,000.00 for back wages. Defendants will also issue a 1099 to Plaintiff in the amount of $7,000.00 for liquidated damages and $500.00 in consideration for the execution of a general release. Defendant agrees to pay $5,800 to the Plaintiff within ten (10) days of court approval of this agreement. Defendant will pay the remainder of the consideration in six (6) equal installments the first of the six payments to be made within thirty (30) days of the first payment and all subsequent payments to be made within thirty (30) days of the previous payment to continue until the remaining five (5) consecutive payments have been paid. All payments to Plaintiff are to be sent to Morgan & Morgan c/o Brianna A. Jordan, Esq. 201 N. Franklin St. #700 Tampa, FL 33602.

Defendant will also pay $10,500.00 for Attorney fees and costs (1099 to be issued). Defendant agrees to pay $4,200.00 for Attorney fees and costs within ten (10) days of court approval of this agreement. Defendant will pay the reminder of Attorney fees and costs in six (6) equal installments the first of the six payments to be made within thirty (30) days of the first payment and all subsequent payments to be made within thirty days of the previous payment and to continue every 30 days until the remaining five (5) consecutive payments have been paid. All payments are to be sent to Morgan & Morgan c/o Brianna A. Jordan, Esq. 201 N. Franklin St. #700 Tampa, FL 33602

**FIRST PAYMENT:**

One settlement check payable to **Melinda Gonzalez** in the net amount of **$2,650.00** for back wages (taxes taken out).

One settlement check payable to **Melinda Gonzalez** in the net amount of **$2,650.00** for liquidated damages (no withholdings).

One settlement check payable to **Melinda Gonzalez** in the net amount of **$500.00** in consideration for the execution of a general release (no withholdings).

One settlement check in the amount of **$4,200.00**, with no withholdings, made payable to **Morgan & Morgan** for attorney fees and costs.

**SECOND PAYMENT:**

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for back wages (taxes taken out).

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for liquidated damages (no withholdings).

One settlement check in the amount of **$1,050.00**, with no withholdings, made payable to **Morgan & Morgan** for attorney fees and costs.

### THIRD PAYMENT:

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for back wages (taxes taken out).

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for liquidated damages (no withholdings).

One settlement check in the amount of **$1,050.00**, with no withholdings, made payable to **Morgan & Morgan** for attorney fees and costs.

### FORTH PAYMENT:

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for back wages (taxes taken out).

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for liquidated damages (no withholdings).

One settlement check in the amount of **$1,050.00**, with no withholdings, made payable to **Morgan & Morgan** for attorney fees and costs.

### FIFTH PAYMENT:

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for back wages (taxes taken out).

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for liquidated damages (no withholdings).

One settlement check in the amount of **$1,050.00**, with no withholdings, made payable to **Morgan & Morgan** for attorney fees and costs.

### SIXTH PAYMENT:

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for back wages (taxes taken out).

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for liquidated damages (no withholdings).

One settlement check in the amount of **$1,050.00**, with no withholdings, made payable to **Morgan & Morgan** for attorney fees and costs.

### SEVENTH PAYMENT:

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for back wages (taxes taken out).

One settlement check payable to **Melinda Gonzalez** in the net amount of **$725.00** for liquidated damages (no withholdings).

One settlement check in the amount of **$1,050.00**, with no withholdings, made payable to **Morgan & Morgan** for attorney fees and costs.

If Defendants fail to make any payment in accordance with the schedule set out in Paragraphs 3, Defendants will become liable for a $2,500.00 punitive fee per missed payment if the defect is not cured within five (5) business days of the payment's due date.

If Defendants' payments become thirty (30) days overdue, Plaintiff shall have the right to immediately file suit or petition the court presiding over the Lawsuit to enter final judgment in favor of Plaintiff, and Defendants agree to entry of Judgment in Plaintiff's favor (i) in an amount equal to the total amount due under Section 3, less any payments made, (ii) interest (at the applicable State of Florida interest rate in effect) from the date of execution of the Agreement, and (iii) reasonable attorneys' fees and costs associated with the entry of such judgment. Further, Defendants agree to waive any defenses. Each Defendant agrees that it/he is jointly and severally liable for all payments due under Section 3 of this Agreement.

Any such release shall not be effective, final and binding if Defendants fail to make any portion of the payments described in Paragraphs 3 (the "Consideration") or if any of said payments do not clear or if any of said payments are reversed due to bankruptcy proceedings filed by or against any Defendant.

Defendants acknowledge that the obligations of this Agreement are not dischargeable in bankruptcy to the extent that each Defendant avers, warrants and represents that it currently has the financial ability, desire and intent to make the payments as scheduled herein, and further acknowledges that Plaintiff is specifically relying upon such representation of Defendants. Further, Defendants aver, warrant and represent that any payments made hereunder shall not render the Defendants insolvent nor are any such payments being made while the Defendants are actually insolvent. Additionally, Defendants grant Plaintiff a security interest in and to all of Defendants' tangible and intangible assets as security for the obligations arising herein. Defendants grant Plaintiff a lien on any and all non-exempt assets and consent to the attachment of the lien, and Plaintiff's right to foreclose the lien arising hereunder if payment is not made in accordance with Section 3 of this agreement.

By accepting the above-referenced sums, Plaintiff acknowledges and agree that when the payments have now been paid for all hours worked and all alleged overtime hours worked while performing services for Defendants and agree that Defendants do not owe them any other monies with regard to compensation associated with any services offered or for any other reason.

Plaintiff further acknowledges and agrees that they have been paid all wages (including overtime compensation), commissions, bonuses, damages of any kind and other compensation claimed by them from Defendants for any reason, and that they have received all benefits to which they may be entitled. Plaintiff further acknowledges that they are not entitled to any additional compensation or benefits from Defendants, except as otherwise provided herein. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the FLSA claims asserted in this lawsuit.

5. **Waiver and Release of Claims.** Plaintiff, on behalf of herself, her descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever release and discharge Defendants, its predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and its past, present and future officers, directors, agents, attorneys, employees, insurers and representatives in their individual and official capacities, and their heirs, and legal representatives and predecessors and successors in interest and assigns of Defendants (all of which are included within the references to "Defendants" in this Agreement) from any and all claims and rights of any kind that Plaintiff may have, whether now known or unknown, suspected or unsuspected, arising out of any event, act or omission occurring on or before the date and time Plaintiff executes this Agreement, excluding claims brought under the Florida Workers' Compensation Act ("FWCA" Flat. Stat. § 440.00 *et seq.*), specifically claims arising from her injury on July 6, 2021 (OJCC # 18-020006RLY). Plaintiff waives claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Nothing set forth in this Agreement shall waive Plaintiff's rights to claims under the Florida Workers' Compensation Act. Plaintiff represents that Plaintiff knows of no claim that Plaintiff have that has not been released by this paragraph other than those arising under the Florida Workers' Compensation Act. Nothing in this Agreement shall be construed to prohibit or restrict Plaintiff from: (i) reporting or disclosing any suspected instance of illegal activity of any nature; (ii) reporting or disclosing any workplace safety or public safety concerns to any federal, state, or local governmental agency or court; (iii) providing information to, or testifying or assisting in any investigation or proceeding brought by any federal or state regulatory or law enforcement agency or legislative body, or any self-regulatory organization. Notwithstanding anything to the contrary in this paragraph, Plaintiff hereby waives and releases any right to receive any relief as a result of their participation in any investigation or proceeding of any federal, state or local government agency or court.

6. **Tax Payment.** Plaintiff and her counsel shall pay any and all taxes that may be due as a result of the settlement payment(s). Plaintiff agrees and affirms that they are not relying on any representation made by Defendants concerning whether or not the payment(s) are taxable as wages, as income, or otherwise, or concerning the amount of taxes that they may be required to pay as a result of the payment(s). Plaintiff agrees that she will not be entitled to any additional

consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s).

7. **Transfer of Claims.** Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

8. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit against Defendants requires review of this Agreement and subsequently fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendants on drafting an agreement acceptable to both parties and the Court.

9. **Plaintiff Is Not Prevailing Party.** Plaintiff shall not be considered prevailing party for any purpose.

10. **Breach.** The parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

12. **Non-Disparagement**: The Parties agree to make no criticism or negative statements, implied or express, toward or about one another. More specifically, Defendants agree to make no criticism or negative statements, implied or express, about Plaintiff. Willits's agrees to make no criticism or negative statements, implied or express, about Defendants, Defendants' business practices, or its role as a community citizen, or its management or employees or contractors, including Defendants' legal counsel.

13. **Confidentiality**: The Parties expressly agree that the terms of this Agreement (including but not limited to the amount of consideration paid or agreed to be paid ) will not be discussed by the Parties either directly or indirectly with any other persons with the exception of the following: (1) this agreement may be used as evidence in any action relating to a breach of this Agreement; (2) for enforcement of this Agreement; (3) the Parties' respective counsel; (4) the Parties respective Accountant(s); (5) for reporting to Taxing authorities; (6) or when otherwise required by law.

14. **Entire Agreement.** The Agreement has been subject to substantial negotiations between the Parties and thus represents the joint product of those negotiations between the Parties and supersedes all previous understandings or agreements, whether written or oral. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution

of drafting to any party. Furthermore, the Agreement represents the entire agreement between the Parties and shall not be subject to modification or amendment by an oral representation, or any other written statement by either party.

15. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.

16. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

17. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being a resident of Hillsborough County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Hillsborough County, Florida. The Parties hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's alleged employment or business relationship with Defendants.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

_____       _____
Melinda Gonzalez                      Date

                                     R.C. Towing & Recovery, Inc.

_____       By: _____
Date                                  Alejandro Diaz


_____       By: _____
Date
                                     Alejandro Diaz, individually

of drafting of any parts. Furthermore, the Agreement represents the entire agreement between the Parties and shall not be subject to modification or amendment by an oral representation or any other written statement by either party.

15. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or negate any other provisions, which shall remain in full force and effect.

16. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

17. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiff and Defendants hereby waive any pleas of jurisdiction or venue as not being a resident of Hillsborough County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Hillsborough County, Florida. The Parties hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's alleged employment or business relationship with Defendants.

**I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

_____ 04/03/21
Melinda Gonzalez

4-26-2021
Date

R C Towing & Recovery, Inc.
By: _____
Alejandro Diaz

4-26-2021
Date

By: _____
Alejandro Diaz, individually