UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELINDA GONZALEZ,

    Plaintiffs,

v.                                            Case No. 8:20-cv-1489-TPB-AEP

R.C. TOWING & RECOVERY,
INC., *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause came before the court for a hearing upon the parties' Joint Motion to Approve Settlement (Doc. 27). By the motion, the parties request that the court approve the parties' proposed settlement of the Fair Labor Standards Act ("FLSA") claims in this case and dismiss the case with prejudice. A claim brought pursuant to the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. *Id*. To approve the settlement, the district court must determine whether the settlement agreement

constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id*. at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted). Here, Plaintiff initiated this action asserting claims against Defendants for FLSA overtime violations (Doc. 1). Plaintiff alleged that she worked as a "lien holder" for Defendants, wherein she released impounded vehicles and occasionally worked as a dispatcher (Doc. 1, ¶¶2, 17). According to Plaintiff, Defendants paid her a salary due to a misclassification of her as an "exempt" employee and, as a result, failed to pay her all overtime hours to which she was lawfully entitled (Doc. 1, at ¶¶2, 4, 24). Plaintiff estimated that she routinely worked approximately 60 hours per week but did not receive overtime wages for the hours worked in excess of 40 within a workweek (Doc. 1, ¶¶18, 24, 25). In response to court interrogatories, Plaintiff estimated that Defendants owed her approximately $21,366.80 in overtime

wages, so she sought payment of the $21,366.80 in overtime wages and an equal amount in liquidated damages, for a total of $42,733.60 (Doc. 9, at 3).

Defendants denied liability for Plaintiff's claims (Docs. 14 & 15). In an effort to resolve the litigation, however, Defendants agreed to a settlement, and the parties subsequently submitted the proposed Settlement Agreement (Doc. 27-1) for review. Primarily, the Settlement Agreement provides for payment to Plaintiff in the amount of $14,500, including $7,000 for back wages, $7,000 for liquidated damages, and $500 for execution of a general release, and payment of attorney's fees in the amount of $10,500 (Doc. 27-1, ¶3). During the hearing, the undersigned inquired as to the amount the parties agreed to settle Plaintiff's claims for, *i.e.* $14,500, given that Plaintiff asserted entitlement to damages in the amount of $42,733.60 based upon her own projections. In response, Plaintiff's counsel indicated that, during mediation, it became clear that Plaintiff had not worked the number of hours initially asserted. Accordingly, the settlement amount more accurately reflects the number of hours purportedly worked without proper compensation. Given the representations of the parties and the undersigned's own review, the settlement terms appear fair and reasonable in light of the claims asserted.

Furthermore, as noted, within the proposed Settlement Agreement, the parties included a general release by Plaintiff of any and all claims against Defendant in this action (Doc. 27-1, ¶5). At the hearing, the parties indicated that separate consideration was provided for execution of the general release (*see also* Doc. 27-1, ¶3). Some courts have found that a non-cash concession by a plaintiff, such as a broad release clause or

confidentiality provision, does not destroy the full compensation guaranteed by the FLSA. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5-6 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012); *but see Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348-53 (M.D. Fla. 2010) (finding that an agreement which includes a non-cash concession by an employee affects both the fairness and full compensation component of a settlement and thus rejecting a proposed settlement agreement containing a "pervasive release"). In this instance, approval of Plaintiff's choice to accept a non-cash condition as part of her settlement, made with the benefit of advice of counsel, is appropriate under the standard set forth in *Lynn's Food*. *See Jarvis*, 2012 WL 933057, at *6 (citing *Lynn's Food*, 679 F.2d at 1350), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

Upon review of the proposed Settlement Agreement, therefore, the undersigned finds that the settlement is a fair and reasonable resolution of the parties' dispute regarding Plaintiff's claims. *See Lynn's Food*, 679 F.2d at 1353-55. Accordingly, after consideration, it is hereby

RECOMMENDED:

1. The parties' Joint Motion to Approve Settlement (Doc. 27) be GRANTED.

2. The Settlement Agreement (Doc. 27-1) be accepted, adopted, and approved, and the parties be ordered to comply with the terms of the Settlement Agreement.

3. This action be DISMISSED WITH PREJUDICE.

4. The Clerk be directed to terminate all pending deadlines and to close the case.

IT IS SO REPORTED in Tampa, Florida, on this 9th day of June, 2021.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc: Hon. Thomas P. Barber
     Counsel of Record